IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BAISTAR MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 15-1473C |
| | ) | (Judge C. Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Case Management Procedure, of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Baistar Mechanical, Inc. (Baistar), and the United States submit the following joint preliminary status report.

A. Jurisdiction: Baistar contends that this Court has jurisdiction over this matter pursuant to the Contracts Disputes Act of 1978, 41 U.S.C. § 7101, *et seq*. The Government has no basis to challenge jurisdiction at this time.

B. Consolidation: There is no other case with which this case should be consolidated.

C. Bifurcation: There is no reason to bifurcate trial of liability and damages.

D. Deference: There is presently no reason to defer further proceedings in this case pending consideration of another case.

E. Remand: Neither party intends to seek remand or suspension.

F. Joinder: Neither party is presently aware of any parties it intends to join.

G. Motions: The Government expects to file a motion pursuant to RCFC 56 in advance of discovery.

H. Relevant Factual and Legal Issues:

Joint Background:

This matter concerns a contract for grounds maintenance and snow removal that was solicited and administered by the by the Bureau of the Fiscal Services (BFS) on behalf of the Armed Forces Retirement Home (AFRH), located in Washington, D.C. Baistar, an engineering, construction, HVAC, and support services firm, was awarded the contract in late 2011. Prior to the ground services contract, Baistar had provided services to AFRH pursuant to other contracts from about 2008. Beginning in May of 2015, Baistar began submitting claims and requests for equitable adjustment to the contracting officer. On June 18, 2015, the contracting officer issued a Cure Notice to Baistar, citing various alleged performance issues. On July 10, 2015, the contract was terminated for default. After Baistar's submitted claims were denied it filed suit.

Plaintiff's Supplemental Statement of Factual and Legal Issues:

1. Whether the Government properly denied Plaintiff's claim for uncompensated professional services, as detailed in Count I, and if not, are the Plaintiff's claimed damages supported by the evidence?

2. Whether the Government properly denied Plaintiff's claim for tree removal/replacement services, as detailed in Count II, and, if not, are the Plaintiff's claimed damages supported by the evidence?

3. Whether the Government properly denied Plaintiff's claim for uncompensated services related to a hiking trail, as detailed in Count III, and if not, are the Plaintiff's claimed damages supported by the evidence?

4. Whether the Government properly denied Plaintiff's claim for uncompensated services related to the "Historical Canal", as detailed in Count IV, and if not, are the Plaintiff's claimed damages supported by the evidence?

5. Whether the Government properly denied Plaintiff's claim for uncompensated snow treatment and removal services, as detailed in Count V, and if not, are the Plaintiff's claimed damages supported by the evidence?

6. Whether the Government properly denied Plaintiff's claim for uncompensated daily mobilization costs, as detailed in Count VI, and if not, are the Plaintiff's claimed damages supported by the evidence?

7. Whether the Government properly terminated the Contract, in that:

    a. Baistar maintains that the Government only gave vague reasons for the cure notice, and did not provide any clarification; therefore, Plaintiff takes the position that there was no legitimate cure notice, the cure notice was defective, and or no cure period.

    b. Baistar further alleges that a "Stop Work Order" was improperly issued and interfered with its contractual performance, therefore further undermining or eliminating any cure opportunity.

    c. Baistar further alleges that the Contracting Officer who issued the cure notice and the Termination did not have authority and did not exercise any independent judgment in his decision, as he did and could not have had any personal knowledge of the condition of the grounds at the AFRH, being stationed in another state.

d. Baistar further alleges that the grounds identified in the cure notice and Termination Notice were pretextual, not sufficient to amount to a default, and otherwise were not factually or legally justified.

   If the Government did not properly terminate the Contract, what are the proper termination for convenience damages?

8. Whether the Government breached the Contract by deliberately failing to order services contemplated by the Parties at contract formation, therefore denying Baistar the benefit of its bargain with the Government, as detailed in Count VIII, and if so, are the Plaintiff's claimed damages supported by the evidence?

<u>Defendant's Supplemental Counter-Statement of Factual and Legal Issues:</u>

1. Count I, Professional Services: Whether any of the "professional services" that plaintiff allegedly provided to the Government were provided pursuant to a contract with the Government.

2. Count II, Tree Planting and Removal: Whether AFRH's Grounds Maintenance and Snow Removal Services Contract precluded AFRH from accepting free tree-planting services from volunteers planting trees that were donated to AFRH.

3. Count III, Hiking Trail: Whether AFRH ever approved plaintiff to perform the disputed work on the hiking trail.

4. Count IV, Historical Canal: Whether AFRH ever approved plaintiff to perform the disputed work on the historical canal.

5. Count V, Snow Treatment and Removal: Whether plaintiff ever provided notice to the contracting officer of allegedly out-of-scope work, and if notice was provided, whether such work was beyond the contract's scope.

6. Count VI, Daily Mobilization: Whether the contract entitled plaintiff to store its equipment on AFRH's grounds.

7. Count VII, Termination for Default: Whether the contract was properly terminated for default.

    a. Whether the Government's Cure Notice complied with FAR subparts 49.607 and 49.402-3 (that apply to this commercial items contract pursuant to FAR subpart 12.403), and if the Cure Notice did comply, whether Baistar did remedy or cure all deficiencies identified or timely provided a plan of action to cure such deficiencies.

    b. Whether the Government's Stop Work Order was properly issued pursuant to FAR subpart 42.13, and whether the Government's Stop Work Order post-dated Baistar's non-compliance with the Government's Cure Notice.

    c. Whether the contracting officer can be held to lack authority or independent judgment to issue a Cure Notice or Termination based solely upon a duty location that is not co-located with the performance of the procured services.

    d. Whether the bases for the Cure Notice and Termination as alleged by AFRH and BFS can be held insufficient, and whether such bases can be found to be either pretextual or incorrect.

8. Count VIII, Unordered Services: Whether the contract required the Government to order services under certain contract line item numbers (CLINs).

I. Likelihood of Settlement and ADR:

Plaintiff's Response:

Plaintiff is willing to engage in mediation in this matter.

Defendant's Response:

Settlement efforts in advance of the Court's resolution of the Government's RCFC 56 motion are unlikely to succeed.

J. Trial: If dispositive motions in advance of, or following, discovery, do not resolve this matter, the parties anticipate proceeding to trial pursuant to a non-expedited schedule. The parties request trial in Washington, DC because all personnel (with the exception of BFS contract administration personnel) are located in or around the District of Columbia.

K. ECM: There are no special issues regarding electronic case management.

L. Additional information: None.

M. Discovery: The parties respectfully request that discovery be held in abeyance in advance of the Court's resolution of the Government's RCFC 56 motion. The parties further request that the Court enter an order establishing the following schedule for briefing the Government's motion:

    Government's Rule 56 motion filed: June 16, 2016;

    Plaintiff's response filed: July 11, 2016; and

    Government's reply filed: July 28, 2016.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Joshua G. Whitaker     s/Douglas T. Hoffman
Joshua G. Whitaker, Esq.     DOUGLAS T. HOFFMAN
Adelphi LLP     Trial Attorney

| | |
|---|---|
| 1936 Eastern Ave. | Commercial Litigation Branch |
| Baltimore, MD 21231 | Civil Division |
| Tel./Fax 888.367.0383 | U.S. Department of Justice |
| whitaker@adelphilaw.com | PO Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Tel: (202) 353-0547 |
| | |
| May 26, 2016 | Attorneys for Defendant |