IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BAISTAR MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 15-1473C |
| | ) | (Judge C. Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT FOLLOWING
THE COURT'S SEPTEMBER 28, 2016 OPINION AND ORDER

Using Appendix A, Case Management Procedure, of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Baistar Mechanical, Inc. (Baistar), and defendant, the United States, respectfully submit the following Joint Status Report updating certain topics addressed in the parties Joint Preliminary Status Report (JPSR, May 26, 2016, ECF No. 8) based upon the Court's September 28, 2016 Opinion and Order granting in part the Government's motion for summary judgment. The parties have identified those topics that are unchanged with the parenthetical "no change from JPSR," all other topics have been changed.

A. Jurisdiction (no change from JPSR): Baistar contends that this Court has jurisdiction over this matter pursuant to the Contracts Disputes Act of 1978, 41 U.S.C. § 7101, *et seq*. The Government does not intend to challenge jurisdiction at this time.

B. Consolidation (no change from JPSR): There is no other case with which this case should be consolidated.

C. Bifurcation (no change from JPSR): There is no reason to bifurcate trial of liability and damages.

D. Deference (no change from JPSR): There is presently no reason to defer further proceedings in this case pending consideration of another case.

E.  Remand (no change from JPSR): Neither party intends to seek remand or suspension.

F.  Joinder (no change from JPSR): Neither party is presently aware of any parties it intends to join.

G.  Motions: The parties do not anticipate further motions practice in advance of commencing discovery.

H.  Relevant Factual and Legal Issues:

Joint Background (no change from JPSR):

This matter concerns a contract for grounds maintenance and snow removal that was solicited and administered by the by the Bureau of the Fiscal Services (BFS) on behalf of the Armed Forces Retirement Home (AFRH), located in Washington, D.C.  Baistar, an engineering, construction, HVAC, and support services firm, was awarded the contract in late 2011.  Prior to the ground services contract, Baistar had provided services to AFRH pursuant to other contracts from about 2008.  Beginning in May of 2015, Baistar began submitting claims and requests for equitable adjustment to the contracting officer.  On June 18, 2015, the contracting officer issued a Cure Notice to Baistar, citing various alleged performance issues.  On July 10, 2015, the contract was terminated for default.  After Baistar's submitted claims were denied it filed suit.

Plaintiff's Supplemental Statement of Factual and Legal Issues:

1.  Whether the Government properly denied Plaintiff's claim for uncompensated snow treatment and removal services, as detailed in Count V, and if not, are the Plaintiff's claimed damages supported by the evidence?

2.  Whether the Government properly denied Plaintiff's claim for uncompensated daily mobilization costs, as detailed in Count VI, and if not, are the Plaintiff's claimed damages supported by the evidence?

3. Whether the Government properly terminated the Contract, in that:

    a. Baistar maintains that the Government only gave vague reasons for the cure notice, and did not provide any clarification; therefore, Plaintiff takes the position that there was no legitimate cure notice, the cure notice was defective, and or no cure period.

    b. Baistar further alleges that a "Stop Work Order" was improperly issued and interfered with its contractual performance, therefore further undermining or eliminating any cure opportunity.

    c. Baistar further alleges that the Contracting Officer who issued the cure notice and the Termination did not have authority and did not exercise any independent judgment in his decision, as he did and could not have had any personal knowledge of the condition of the grounds at the AFRH, being stationed in another state.

    d. Baistar further alleges that the grounds identified in the cure notice and Termination Notice were pretextual, not sufficient to amount to a default, and otherwise were not factually or legally justified.

If the Government did not properly terminate the Contract, what are the proper termination for convenience damages?

<u>Defendant's Supplemental Counter-Statement of Factual and Legal Issues</u>:

1. Count V, Snow Treatment and Removal:

    a. Allegedly Out-Of-Scope Snow Removal:

        i. Whether plaintiff ever provided notice to the contracting officer of allegedly out-of-scope work.

    ii.  If notice was provided, whether the work provided was out-of-scope.

    iii.  If the work was out-of-scope work, the value of the out-of-scope work.

    iv.  Whether any work was provided pursuant to any contractual emergency exception.

    v.  If work was provided pursuant to any contractual emergency exception, whether the work provided was out-of-scope, and if so, the value of the out-of-scope work.

b.  Allegedly Unpaid For Salt:

    i.  Whether any allegedly unpaid-for salt was not the result of Baistar's submission of revised invoices.

    ii.  Whether Baistar ever "immediately notif[ied] the contracting officer no later than the beginning of the next Government work day[]" that it felt the revised invoices were the result of technical direction of the COTR that contravened the contract.

c.  Allegedly Unpaid For Snow Removal CLINs:

    i.  Whether allegedly unpaid-for snow removal CLINS were not the result of Baistar's submission of revised invoices.

    ii.  Whether Baistar ever "immediately notif[ied] the contracting officer no later than the beginning of the next Government work day[]" that it felt the revised invoices were the result of technical direction of the COTR that contravened the contract.

2. Count VI, Daily Mobilization:  Whether the contract entitled Baistar to store its equipment on AFRH's grounds, and if so, Baistar's damages, if any, after Baistar was not permitted to store its equipment on AFRH's grounds.

3. Count VII, Termination for Default:  Whether the contract was properly terminated for default.

    a. Whether termination provisions under FAR § 52.212-4(m) apply based upon the contract, or provisions under FAR Part 49 apply based upon a reference to FAR Part 49 in BFS's cure notice and Baistar's alleged reliance upon such reference, and if FAR Part 49 applies, which subsection applies.

    b. Whether the Government's Cure Notice complied with the applicable FAR provisions, and if the Cure Notice did comply, whether Baistar did remedy or cure all deficiencies identified or timely provided a plan of action to cure such deficiencies, and, if the Cure Notice did not comply, whether such non-compliance prevented Baistar from remedying or curing all deficiencies identified or timely providing a plan of action to cure such deficiencies.

    c. Whether contract Paragraph 31, Government Supervision of Contract Personnel, permitted the Government to issue a stop-work order.

    d. Whether the applicable FAR termination provision was FAR § 12.403, Termination, that only requires that "[t]he contracting officer shall send a cure notice prior to terminating a contract for a reason other than late delivery[,]" (FAR § 12.403(a)(1)), whether the Government complied with the applicable FAR provision, and whether the contracting officer can be held to lack authority or independent judgment to issue a Cure Notice or Termination

based solely upon a duty location that is not co-located with the performance of the procured services.

 e. Whether the bases for the Cure Notice and Termination as alleged by AFRH and BFS can be held insufficient, and whether such bases can be found to be either pretextual or incorrect.

I. Likelihood of Settlement and ADR:

Plaintiff's Response (no change from JPSR):

Plaintiff is willing to engage in mediation in this matter.

Defendant's Response:

Defendant may be willing to engage in mediation of this matter following discovery.

J. Trial:  If any dispositive motions following discovery do not resolve this matter, the parties anticipate proceeding to trial pursuant to a non-expedited schedule.  The parties request trial in Washington, DC because all personnel (with the exception of BFS contract administration personnel) are located in or around the District of Columbia.

K. ECM (no change from JPSR): There are no special issues regarding electronic case management.

L. Additional information (no change from JPSR):  None.

M. Discovery:[1]

 a. Exchange of initial disclosures: February 9, 2017

 b. Completion of written fact discovery: June 15, 2017

 c. Completion of fact depositions: September 7, 2017

---

[1] The start of substantive discovery is being delayed until early 2017 based upon a family issue involving plaintiff's counsel that requires lengthy travel outside the United States from which plaintiff's counsel will not return until mid-January, 2017.

d.  Plaintiff designates expert(s) and serves report(s): November 16, 2017 (subject to Baistar's determination that expert testimony is necessary, if Baistar determines expert testimony is unnecessary, the parties shall file a Joint Status Report by October 12, 2017)

e.  Defendant designates expert(s) and serves response report(s): December 21, 2017

f.  Experts available for deposition: January 2, 2018 – February 8, 2018

g.  Joint Status Report: March 8, 2018

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Scott D. Austin
SCOTT D. AUSTIN
Assistant Director

s/Joshua G. Whitaker
Joshua G. Whitaker, Esq.
Adelphi LLP
1936 Eastern Ave.
Baltimore, MD 21231
Tel./Fax 888.367.0383
whitaker@adelphilaw.com

s/Douglas T. Hoffman
DOUGLAS T. HOFFMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-0547

November 16, 2016

Attorneys for Defendant